UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH DONATO, individually and on behalf of all other persons similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>SERVICE EXPERTS, LLC, d/b/a SERVICE EXPERTS HEATING AND AIR CONDITIONING, SERVICE EXPERTS HEATING & AIR CONDITIONING NEW YORK, LLC, ROLAND J. DOWN SERVICE EXPERTS HEATING AND AIR CONDITIONING, ROLAND J. DOWN, individually, and any other related entities,<br><br>Defendants. | Index No.:<br><br>**COMPLAINT**<br><br>FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION<br><br>**Jury Trial Requested**<br><br>Case No.: 1:17-CV-0436 (DNH/CFH) |

Plaintiff, JOSEPH DONATO ("Named Plaintiff"), by and through his attorneys, Cooper, Erving & Savage LLP and Callagy Law, P.C., on behalf of himself and other persons similarly situated, alleges upon knowledge to himself and upon information and belief as to all other matters as follows:

**PRELIMINARY STATEMENT**

1. This action is brought under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §216, et seq., and the New York State Labor Law ("NYLL") §650 et seq., to recover federal and state mandated wages and overtime pay owed, but never paid, to plaintiff and other similarly situated persons who work and/or have worked as plumbers and/or HVAC technicians, or a position with comparable work duties, at any of the defendants' locations in the United States within the past three (3) years and within the State of New York within the past six (6) years.

2. Plaintiff and the employees he seeks to represent seeks to recover wages and benefits which Plaintiff(s) is/are statutorily entitled to receive under the FLSA as a 29 U.S.C § 216(b) collective action and the NYLL as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

## JURISDICTION AND VENUE

3. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331, § 1332, and the Fair Labor Standards Act of 1938, 29 U.S.C. §201, et seq. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367.

4. The Northern District of New York has personal jurisdiction over the defendants because they do business in New York and in this judicial district. Additionally, Plaintiff lives and works in the Northern District of New York.

5. Venue is proper under 28 U.S.C. §1391(b) because defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

6. The amount in controversy, once the individual claims are aggregated, is in excess of $75,000.

7. The named Plaintiff is a resident of a state that is different than the state of residence of some of the defendants.

## PARTIES

8. At all times relevant herein, Plaintiff Joseph Donato was an employee of Defendant Service Experts Heating and Air Conditioning ("Service Experts"). Plaintiff's employment with Defendant Service Experts as a plumbing technician began on or July 12, 2013

through the present. Plaintiff is a resident of the County of Greene, in the Town of New Baltimore, State of New York.

9. Plaintiff's consent to sue form is attached hereto as Exhibit A.

10. Service Experts, LLC, d/b/a Service Experts Heating and Air Conditioning is a business corporation headquartered in Dallas, Texas, that provides residential and commercial HVAC service and replacement, ancillary residential home services, including plumbing, indoor air quality and energy audits, commercial HVAC service, maintenance and replacement, and HVAC installation in commercial and residential new constructions throughout the United States, including the State of New York.

11. Service Experts Heating & Air Conditioning New York, LLC is a business corporation incorporated under the laws of the State of New York, and maintains and maintained a place of business in the County of Schenectady, State of New York.

12. Upon information and belief, Defendant Service Experts Heating and Air Conditioning New York, LLC is a subsidiary of Defendant Service Experts.

13. At all relevant times, Defendant Service Experts employed Plaintiff as defined by NYLL §§ 651(5) and (6) and applicable regulations, 12 NYCRR §142-2.14.

14. Upon information and belief, at all times relevant herein, Defendant Roland J. Down was an officer, president, owner and/or shareholder of Defendant Service Experts, and had control over and the power over major personnel decisions for Defendant Service Expert. Plaintiffs performed labor for the benefit of and at the discretion of Defendant Down.

**FACTS**

15. At all times relevant herein, Plaintiff was a plumbing technician employed by the Defendants to provide services and equipment to the Defendants' customers.

3

16. While employed by the Defendants, Plaintiff performed non-exempt duties, which included, but were not limited to, receiving instructions about a particular job, traveling to the particular job, performing the required service and/or installation at a particular job and telephone consultations with customers.

17. Plaintiff repeatedly and routinely worked in excess of forty (40) hours per workweek, including the period the Plaintiff was engaged to wait for dispatch calls.

18. In addition, Plaintiff was, repeatedly and routinely, required to be "on call" each day outside his regular full-time workday and/or during weekends. Specifically, for approximately one full week (7 days) each month and for twenty-four hours of each of those seven days, Plaintiff was required to remain "on call" and available for immediate dispatch should one of Defendants' customers have called and requested immediate service.

19. When responding to an "on call" service call, Plaintiff was required to spend additional time driving to and from the site of the call, addressing the needs of the customer, and completing reports concerning the services provided to customers.

20. Defendants pay their plumbers and HVAC technicians a set rate of $10.00 per day to be "on call" during a 24-hour period between Monday through Friday. Defendants pay their plumbers and HVAC technicians set rate of $15.00 per day to be "on call" during a 24-hour period between Saturday and Sunday.

21. During the "on-call" period, Defendants employees are required to wait for dispatch calls and to respond immediately. Defendants only pay employees on call for the time spent responding to a call, performing the work, and for the first 30 minutes of travel time from the employees' last work site to their homes. The period between each call, while employees are engaged to wait at home, is not compensated.

22. Defendants pay their plumbers and HVAC technicians an "overtime adjustment" rate only after the employee works in excess of 40 hours in a workweek, excluding the period in which the employee is engaged to wait at home. The period between each call, while employees are engaged to wait at home, does not count toward the 40-hour work schedule for purposes of overtime compensation.

23. Defendants do not pay its employees the legally required premium overtime pay when its employees work over forty hours in a workweek because Defendants do not take into account the time period employees are required to wait at home for dispatch calls.

24. When Plaintiff was "on call" each day, he was required to remain in his home and was not free to leave until he received the first dispatch call.

25. The amount of hours the Plaintiff spent responding to "on call" assignments varied and were not part of the Plaintiff's regularly scheduled work shift.

26. Plaintiff did not receive the "spread hours" premium of one additional hour at the minimum wage rate for the days in which he worked ten or more hours.

27. Similarly to the Plaintiff, the putative class members performed the same and/or similar work to that of the Plaintiff.

28. Like Plaintiff, the putative class members generally worked more than 40 hours per week, but were not paid the required wages and overtime premium pay for hours worked over forty hours in a workweek, including hours in which they were engaged to wait for a dispatch call.

29. Like Plaintiff, the putative class members were required to be "on call", at least once a month for a 24-hour period, outside their regular full-time workday and/or during weekends.

30. Like the Plaintiff, the putative class members did not receive payment for "on call" hours of stand-by period when they were required to wait to be called, except for the set rate of $10 per day during the week and $15 per day during the weekends. The Putative class members were also not paid "spread hours" premium for the days in which they worked ten or more hours.

31. At all relevant times, Defendants have maintained a practice and policy of assigning Plaintiff and the putative class members to work more than 40 hours per week without paying them the required premium overtime pay for all hours worked and stand-by time in excess of forty per week.

32. Upon information and belief, Defendants knew that Plaintiff and the putative class members were entitled to receive overtime compensation, "on call" pay, and "spread hours" premium but Defendants decided not to compensate wages due to them.

33. Upon information and belief, at all times relevant in this action, Defendants failed to maintain records required under the FLSA and NYLL and the regulations implementing the FLSA and NYLL.

34. Defendants' actions as described herein were intentional and not made in good faith.

## FLSA COLLECTIVE ACTION ALLEGATIONS

35. Plaintiff brings the First Claim for Relief as a collective action pursuant to FLSA §16(b), 29 U.S.C. §216(b), on behalf of all Designers employed by Defendants (hereinafter "FLSA Collective Plaintiffs") at any of Defendants' locations on or after the date that is three (3) years before the filing of this Complaint.

36. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are subject to Defendants' decisions, policies, plans and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them the legally required overtime wages for hours worked in excess of forty (40) hours per week a rate of one-and-one-half their regular rate of pay. The claims of the Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

37. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

38. Plaintiff brings the Second Claim for Relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all plumbers and HVAC technicians employed by the Defendants at any New York location on or after the date that is six (6) years before the filing of this Complaint as defined herein (the "Class Period").

39. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and

addresses are readily available from Defendants. Notice can be provided by means permissible under said F.R.C.P. Rule 23.

40. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants. Upon information and belief, there are more than 50 members of the Class.

41. Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay them the legally required overtime wages for hours worked in excess of forty (40) hours per week a rate of one-and-one-half their regular rate of pay. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures, specifically the payment of overtime hours worked at straight time.

42. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hours cases.

43. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where

individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate Defendants. Class action treatment will permit a large number of similarly situated person to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense of pertinent to class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individuals Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action.

44. The adjudication of individual claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

45. Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their future employment, and future efforts to secure employment.

Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

46. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

   a. Whether Defendants employed Plaintiff and the Class members within the meaning of New York Law.

   b. What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants paid or did not pay the Plaintiff and the Class Members.

   c. At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiff and the Class members for their overtime work.

   d. Whether Defendants paid Plaintiff and the Class members the federal and state minimum wage for all hours worked.

47. Whether Defendants properly compensated Plaintiff and Class members for overtime.

**FIRST CAUSE OF ACTION**
**(FLSA Violations, 29 U.S.C.§ 201 et seq.)**

48. Plaintiff, on behalf of himself and other FLSA Collective Plaintiffs, repeats and realleges each allegation contained in the foregoing paragraphs as if fully set forth in this paragraph.

49. Plaintiff and other FLSA Collective Plaintiffs engaged in commerce as that phrase is defined within the meaning of the FLSA, 20 U.S.C. §203.

50. At all times mentioned in this Complaint, Plaintiff and other FLSA Collective Plaintiffs were "employee(s)" of Defendants as the term is defined under of 29 U.S.C. §203(e).

51. At all times mentioned in this complaint, Defendants were "employer(s)" as that term is defined under of 29 U.S.C. §203(d).

52. By failing to compensate the Plaintiff and other FLSA Collective Plaintiffs for all federal and state mandated minimum wages and overtime worked in the course of his employment with Defendants, Defendants are liable to the plaintiff for the unpaid wages and overtime under the Fair Labor Standards Act of 1938, 29 U.S.C. §201, et seq.

53. Defendants' conduct was unreasonable and not undertaken in good faith.

54. Such violation was knowing and willful.

55. As a result of the Defendants' conduct, Plaintiff and other FLSA Collective Plaintiffs are entitled, under the Fair Labor Standards Act of 1938, 29 U.S.C. §201, et seq., to compensation for unpaid wages and federal and state mandated overtime compensation, liquidated damages, and attorneys' fees and costs.

## SECOND CAUSE OF ACTION
**(New York Overtime Violations, NYLL § 650 et seq.)**

56. Plaintiff realleges and incorporates by reference all the allegations set forth above.

57. Title 12 NYCRR § 142-2.1 states that, "(a) [t]he basic minimum hourly ate shall be: (1) $7.25 per hour on and after July 24, 2009; (2) $8.00 per hour on and after December 31, 2013; (3) $8.75 per hour on and after December 31, 2014; (4) $9.00 per hour on and after December 31, 2015…."

58. NYLL §663 provides that, "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil

action the amount of any such underpayments, together with costs and such reasonable attorney's fees."

59. At all relevant times to this action, Plaintiff and the putative class were Defendants' employees within the meaning of the NYLL §§190(2) and 651(5) and 12 NYCRR §142-2.14.

60. At all relevant times to this action, Defendants were the employers of the Plaintiff and the putative class within the meaning of the NYLL §§190(3) and 651(6).

61. At all relevant times to this action, Defendants failed to pay Plaintiff and putative class members the statutory minimum wage for all hours worked in violation of the NYLL §652 and 12 NYCRR §142-2.1.

62. Defendants willfully violated the rights of Plaintiff and the putative class members by failing to pay them wages due and owing for work performed in violation of NYLL.

63. Due to Defendants' NYLL violations, Plaintiff and the putative class are entitled to recover from Defendants their unpaid minimum wages, in an amount to be determined at trial, plus interest, attorneys' fees and costs pursuant to NYLL §§190 *et seq.,* and 651*et seq*.

**THIRD CAUSE OF ACTION**
**(New York Labor Law Overtime)**

64. Plaintiff realleges and incorporates by reference all the allegations set forth above.

65. 12 NYCRR § 142-2.2 requires that "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate."

66. NYLL §663 provides that, "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees."

67. Upon information and belief, Plaintiffs worked more than forty hours a week while working for Defendants.

68. At all relevant times to this action, Defendants failed to pay Plaintiffs one and one half times their hourly rate for all hours worked in excess of forty per work week, in violation of the NYLL §§650 *et seq.* and 12 NYCRR §142-2.2.

69. Defendants' failure to pay wages and overtime compensation to Plaintiffs for work performed after the first forty hours worked in a week was willful.

70. By the foregoing reasons, Defendants have violated NYLL §663 and 12 NYCRR §142-2.2 and are liable to Plaintiffs and other members of the putative class in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

**FOURTH CAUSE OF ACTION**
**(New York Labor Law "CALL IN PAY")**

71. Plaintiff realleges and incorporates by reference all the allegations set forth above.

72. 12 NYCRR § 142-2.3 requires that "[a]n employee who by request or permission of the employer reports for work on any day shall be paid for at least four hours, or the number of hours in the regularly scheduled shift, whichever is less, at the basic minimum hourly wage."

73. Upon information and belief, Defendants required that Plaintiffs report to work on a day in addition to Plaintiffs' regularly scheduled workweek.

74. At all times relevant to this action, Defendants failed to pay Plaintiffs the "call in" minimum pay required by 12 NYCRR § 142-2.3.

75. Defendants' failure to pay call in minimum compensation for work performed by Plaintiffs on a day outside Plaintiffs' regularly scheduled workweek was willful.

76. By the foregoing reasons, Defendants have violated 12 NYCRR §142-2.3 and are liable to Plaintiffs in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

## FIFTH CAUSE OF ACTION
### (New York Labor Law "SPREAD HOURS")

77. Plaintiff realleges and incorporates by reference all the allegations set forth above.

78. 12 NYCRR § 142-2.4 requires that "[a]n employee shall receive one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage required in this Part for any day in which: (a) the spread of hours exceeds 10 hours[.]"

79. Upon information and belief, Defendants required that Plaintiffs typically work more than ten hours in a day.

80. At all times relevant to this action, Defendants failed to pay Plaintiffs the "spread of hours" premium required by 12 NYCRR § 142-2.4.

81. Defendants' failure to pay spread of hours compensation for work performed by Plaintiffs after 10 hours in a day was willful.

82. By the foregoing reasons, Defendants have violated 12 NYCRR §142-2.4 and are liable to Plaintiffs in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

## SIXTHCAUSE OF ACTION
### FAILURE TO PAY WAGES

83. Plaintiff realleges and incorporates by reference all the allegations set forth above.

84. Pursuant to Article Six of the NYLL, workers, such as the Plaintiffs are protected from wage underpayments and improper employment practices.

85. Pursuant to NYLL § 191 and the cases interpreting the same, workers such as Plaintiffs are entitled to be paid all their weekly wages "not later than seven calendar days after the end of the week in which the wages are earned."

86. Pursuant to NYLL § 193, "No employer shall make any deduction from the wages of any employees," such as Plaintiffs and the putative class members, that is not otherwise authorized by law or by the employee.

87. Defendants have failed to pay Plaintiffs all wages due, including minimum wages and overtime wages, for the hours they each worked for Defendants.

88. By withholding wages and overtime payments for time worked after forty hours in one workweek from Plaintiffs, pursuant to NYLL § 193 and the cases interpreting same, Defendants made unlawful deductions in wages owed to Plaintiffs.

89. Defendants' failure to comply with the NYLL caused Plaintiffs to suffer loss of wages and interest thereon.

90. Defendants' failure to comply with the NYLL was willful.

91. Due to Defendants' violations of the NYLL, Plaintiffs are entitled to recover from Defendants their unpaid wages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**WHEREFORE**, the Plaintiff and members of the putative class demand judgment as follows:

A. Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. §216(b);

B. Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

C. Designation of this action as a class action pursuant to F.R.C.P. Rule 23;

D. Designation of Plaintiff as Representative of the Class;

E. A declaration that Defendants have violated the Fair Labor Standards Act of 1938, 29 U.S.C. §201, et seq., and the New York State Labor Law;

F. An injunction directing the Defendants to cease payroll practices in violation of the Fair Labor Standards Act of 1938, 29 U.S.C. §201, et seq., and the New York State Labor Law;

G. An award of damages for unpaid overtime wages under the Fair Labor Standards Act of 1938, 29 U.S.C. §201, et seq., and the New York State Labor Law according to proof;

H. An award of liquidated damages, under the Fair Labor Standards Act of 1938, 29 U.S.C. §201, et seq., and the New York State Labor Law according to proof;

I. Penalties available under applicable laws;

J. Costs of action incurred herein, including expert witness fees;

K. Reasonable attorney's fees, including fees pursuant to 29 U.S.C. §216, NYLL §663 and other applicable statutes;

L. Pre-Judgment and post-judgment interest, as provided by law; and

M. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: April 17, 2017
      Albany, New York

Respectfully submitted,

**COOPER, ERVING & SAVAGE, LLP**

By:   **s/ Carlo A. C. de Oliveira**
      Carlo A. C. de Oliveira, Esq.
      Bar Roll No.: 516271
      Phillip G. Steck, Esq.

Bar Roll No.: 102664
*Attorneys for Plaintiff & Putative Class*
39 North Pearl Street
Fourth Floor
Albany, New York 12207
Telephone: (518) 449-3900
Facsimile: (518) 432-3111
E:mail: CdeOliveira@coopererving.com

**CALLAGY LAW, P.C.**

By: **/s/ Benjamin Light**
Benjamin Light, Esq.
Mack-Cali Centre II
650 From Road, Suite 565
Paramus, New Jersey 07652
Telephone: (201) 261-1700
Facsimile: (201) 549-8408
E-mail: Blight@callagylaw.com

242845