UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOSEPH DONATO, individually and on behalf of
all other persons similarly situated,

                              Plaintiff,

                                              No. 1:17-CV-436
              -v-                             (DNH/CFH)

SERVICE EXPERTS, LLC, doing business as
Service Experts Heating and Air Conditioning;
and SERVICE EXPERTS HEATING & AIR
CONDITIONING NEW YORK, LLC;

                              Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:

COOPER ERVING & SAVAGE LLP        CARLO ALEXANDRE C. DE OLIVEIRA, ESQ.
Attorneys for Plaintiff
39 North Pearl Street
4th Floor
Albany, NY 12207

JACKSON LEWIS P.C.                VINCENT E. POLSINELLI, ESQ.
Attorneys for Defendants
677 Broadway 9th Floor
Albany, NY 12110


DAVID N. HURD
United States District Judge


### MEMORANDUM-DECISION and ORDER

## I. INTRODUCTION

Plaintiff Joseph Donato ("plaintiff" or "Donato") brings this putative class action on

behalf of himself and others similarly situated against defendants Service Experts, LLC,

doing business as Service Experts Heating and Air Conditioning, and Service Experts

Heating & Air Conditioning New York, LLC (collectively "defendants").  Plaintiff alleges

violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216 et seq., and the New

York State Labor Law ("NYLL"), § 650 et seq. and seeks to recover federal and state

mandated wages and overtime pay owed, but never paid, to plaintiff and others similarly

situated who have worked as plumbers and/or HVAC technicians at the defendants' locations

within the applicable time periods.

Defendants moved to dismiss plaintiff's complaint pursuant to Federal Rule of Civil

Procedure ("Rule") 12(b)(6) for failure to state any claims upon which relief could be granted.

Plaintiff opposed and defendants replied in further support.  Later, plaintiff moved to amend

his complaint and for equitable tolling of the statute of limitations for putative opt-in plaintiffs,

as of October 19th, 2017, until the date that the court sets for the expiration of the opt-in

period in this matter.  Defendants opposed and plaintiff replied in further support.  Oral

argument was heard on December 15, 2017, in Utica, New York.  Decision was reserved.

## II.  **BACKGROUND**[1]

Donato's employment with defendants as a plumbing technician began on July 12,

2013 through the present.  Defendants' business provides residential and commercial HVAC

service and replacement, ancillary residential home services, including plumbing, indoor air

quality and energy audits, commercial HVAC service, maintenance and replacement, and

HVAC installation in commercial and residential new construction through the United States.

---

[1] For reasons explained below, the following factual allegations are drawn from plaintiff's proposed amended complaint, ECF No. 27–3, and are assumed true for purposes of resolving defendants' motion to dismiss.

It is undisputed that plaintiff is a non-exempt employee under federal and state labor laws and thus entitled to overtime for hours worked in excess of forty a week, in accordance with the applicable law.

Donato alleges he was required to report to work and/or be available to work by 7:00 a.m. during his regular workweek, but his shift would not end until his last service call was completed or after his employer advised him that his work day was over.  During a regular work day, plaintiff was engaged to work a minimum of eight hours daily, but was only compensated for work performed after he was assigned to respond to a service call.  Donato was not compensated for the time he was engaged to wait during his regular work day.

Plaintiff was also required to perform "on call" work outside his regular full-time workday and during the weekends.  He was required to be "on call" for approximately one full week (seven days) each month and for 24 hours of each of those seven days.  Donato was required to remain "on call" and available for immediate dispatch should one of defendants' customers call and need immediate service.  As with the time he alleges he was engaged to wait during his regular work shifts, plaintiff also claims he was not compensated for the time he was engaged to wait for a service call while he was "on call."  When he was "on call," he was required to remain in his home and was not free to leave until he received the first dispatch call.

Donato alleges that because he was only compensated for time spent responding to service calls, he repeatedly and routinely worked in excess of 40 hours per workweek during his regular workweeks and while "on call," including when he was engaged to wait for dispatch calls.

- 3 -

During the time period in question, plaintiff received a regular rate of pay of $27.81 per hour and later $28.20 per hour.  When "on call," he received a set rate of $10 per day to be "on call" during a 24 hour period between Monday through Friday and a set rate of $15 per day to be "on call" during a 24 hour period on Saturdays and Sundays.

While "on call," Donato received an "overtime adjustment," which was less than one and one-half times his regular rate of pay for hours "compensated" over 40 hours in a week. According to plaintiff, defendants pay their plumbers and HVAC technicians an "overtime adjustment" rate only after the employee works in excess of 40 hours in a workweek, excluding the period in which the employee is engaged to wait at home.

The period between each call, while employees are engaged to wait at home, does not count toward the 40 hour work schedule for purposes of overtime compensation.  During the "on call period," employees are required to wait for dispatch calls and to respond immediately.  Defendants only pay employees "on call" for the time spent responding to a call, performing the work, and for the first 30 minutes of travel time from the employee's last work site to their home.  The period between each call, while employees are allegedly engaged to wait at home, is not compensated.

## III.  **LEGAL STANDARD**

Where, as here, "a plaintiff seeks to amend [the] complaint while a motion to dismiss is pending, a court 'has a variety of ways in which it may deal with the pending motion to dismiss, from denying the motion as moot to considering the merits of the motion in light of the amended complaint.'"  Hamzik v. Office for People with Dev. Disabilities, 859 F. Supp. 2d 265, 273–74 (N.D.N.Y. 2012) (quoting Roller Bearing Co. of Am., Inc. v. Am. Software, Inc., 570 F. Supp. 2d 376, 384 (D. Conn. 2008)).

Under Rule 15, "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); see also Foman v. Davis, 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'").

Defendants contend plaintiff's motion to amend should be denied, since "it is well established that leave to amend a complaint need not be granted where amendment would be futile." Ellis v. Chao, 336 F.3d 114, 127 (2d Cir. 2003).  However, beyond their futility argument, defendants have offered no other basis—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice—which might justify denial of plaintiff's request to amend.  Accordingly, plaintiff's motion to amend will be granted and the allegations in plaintiff's amended complaint will be analyzed to determine whether one or more of the causes of action must be dismissed as futile.

"An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." Lucente v. Int'l Bus. Machs. Corp., 310 F.3d 243, 258 (2d Cir. 2002); see also IBEW Local Union No. 58 Pension Trust Fund & Annuity Fund v. Royal Bank of Scotland Grp., PLC, 783 F.3d 383, 389 (2d Cir. 2015) ("The standard for denying leave to amend based on futility is the same as the standard for granting a motion to dismiss.").

"To survive a Rule 12(b)(6) motion to dismiss, the '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" Ginsburg v. City of Ithaca, 839 F. Supp. 2d 537, 540 (N.D.N.Y. 2012) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "Although a complaint need only contain 'a short and plain statement of the claim showing that the pleader is entitled to relief' (Fed. R. Civ. P. 8(A)(2)), more than mere conclusions are required." Id. "Indeed, '[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.'" Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009)). "Dismissal is appropriate only where plaintiff has failed to provide some basis for the allegations that support the elements of his claims." Id.; see also Twombly, 550 U.S. at 570 (requiring "only enough facts to state a claim to relief that is plausible on its face").

"When ruling on a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in the non-movant's favor." Faiaz v. Colgate Univ., 64 F. Supp. 3d 336, 344 (N.D.N.Y. 2014) (Baxter, M.J.). In making this determination, a court generally confines itself to the "facts stated on the face of the complaint, . . . documents appended to the complaint or incorporated in the complaint by reference, and . . . matters of which judicial notice may be taken." Goel v. Bunge, Ltd., 820 F.3d 554, 559 (2d Cir. 2016) (quoting Concord Assocs., L.P. v. Entm't Props. Tr., 817 F.3d 46, 51 n.2 (2d Cir. 2016)).

## IV.  DISCUSSION

### A.  FLSA Claim

The crux of Donato's amended complaint is that defendants failed to pay employees for all hours worked and also failed to pay overtime for hours worked over 40 in a given

week, all because defendants do not take into account the time employees are required to wait at home for dispatch calls.  Thus, plaintiff asserts claims for both unpaid wages and unpaid overtime in violation of the FLSA.

"[T]o state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek, as well as some uncompensated time in excess of the 40 hours."  Lundy v. Catholic Health Sys. of Long Island Inc., 711 F.3d 106, 114 (2d Cir. 2013). Thus, a plaintiff must allege "that [he] actually performed work for 40 hours in a week, and then work of some amount over 40 hours for which they were not compensated."  Ramos v. City of New York, No. 13 Civ. 9225, 2014 WL 2111687, at *3 (S.D.N.Y.  May 9, 2014); see Leon v. Port Washington Union Free Sch. Dist., 49 F. Supp. 3d 353, 357-58 (E.D.N.Y. 2014) (finding plaintiff plausibly alleged FLSA overtime claim as she "allege[d] that she regularly worked forty hours per week, and provided sufficient estimates of how much additional time she worked each week").  Assessing the plausibility of an FLSA overtime claim "is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Lundy, 711 F.3d at 114 (quoting Iqbal, 556 U.S. at 679).

The parties argue at length about the requirements that Lundy did or did not impose for pleading FLSA violations.  In 2013, following Lundy, the Second Circuit issued a decision in Dejesus v. HF Mgmt. Servs., LLC, 726 F.3d 85, 89 (2d Cir. 2013) which made "clear that Lundy did not impose a requirement of unforgiving mathematical rigor, so long as the plaintiff blends enough specific facts . . . to make plausible the existence of at least one given work week of more than forty hours."  Anjum v. J.C. Penny Co., No. 13 CV 0460, 2014 WL 5090018, at *17 (E.D.N.Y. Oct. 9, 2014).

Attached to plaintiff's amended complaint are pay stubs and time records for several weeks in question.  Based on the actual hours worked from both the time records and the pay stubs, Donato was paid for all hours worked and paid the appropriate overtime wages for hours in excess of 40 in a given week.  Despite plaintiff's allegations in his amended complaint, it is defendants' arithmetic that prevails.  In response to the amended complaint, defendants correctly point out that in the weeks in which Donato worked actual hours above 40, he was paid for all hours worked plus paid appropriate overtime wages.  See Defs.' Mem. of Law in Opp'n to Pl.'s Mot. to Am., 5-7.

In weeks in which plaintiff worked over 40 hours, he was paid his regular hourly rate of $27.81 or $28.20 for each of the hours he worked plus an additional overtime premium of half of his regular rate ($13.9053 or $14.10 respectively depending on the time in question) for each hour worked over 40.  For example, in the week of January 3, 2016 through January 9, 2016, plaintiff worked 41 hours:  he was paid his regular rate of $27.81 for each of the 41 hours he worked ($27.81 x 41 hours = $1,140.21).  Further, Donato was paid an additional overtime premium of half of his regular rate of pay ($13.9053) for each hour worked over 40 (one hour in this particular week).  Thus, Donato actually received $41.72 ($27.81 + $13.91) for the one hour of overtime he worked, which was the proper time and a half overtime rate required by law.

Plaintiff's own exhibits attached to his amended complaint contradict his allegation that he was not paid for hours worked or for overtime as required by law.  Instead, Donato's claims turn on his contention that hours spent during his work day (before calls, during calls, and after calls) and also during his "on call" time, in which he was allegedly engaged to wait, count as compensable time under the FLSA.  Thus, the central dispute is whether plaintiff

was entitled to compensation for the time he spent waiting at home for a dispatch call, whether during the regular workweek or during an "on call" period.

"The FLSA does not define 'work,' but the Supreme Court has interpreted [the] word to mean 'physical or mental exertion (whether burdensome or not) controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer and his business." Clarke v. City of New York, No. 06 Civ. 11397, 2008 WL 3398474, at *3 (S.D.N.Y. June 16, 2008) (quoting Tennessee Coal, Iron & R. Co. v. Muscoda Local No. 123, 321 U.S. 590, 598 (1944)). "Time that an employee spends waiting for work assignments is compensable if the waiting time is spent 'primarily for the benefit of the employer and his business.'" Moon v. Kwon, 248 F. Supp. 2d 201, 229 (S.D.N.Y. 2002) (quoting Owens v. Local No. 169, Ass'n of W. Pulp & Paper Workers, 971 F.2d 347, 350 (9th Cir. 1992)); see also Yu G. Ke v. Saigon Grill, Inc., 595 F. Supp. 2d 240, 255–56 (S.D.N.Y. 2008) ("As a legal matter, an employer must pay his employees for waiting time between tasks if the employees are expected to be ready whenever performance is required."). "[W]hen periods of inactivity are 'unpredictable . . . [and] usually of short duration,' and the employee 'is unable to use the time effectively for his own purposes,' then the employee is 'engaged to wait,' and the inactive time constitutes 'work' time under FLSA—even if 'the employee is allowed to leave the premises or the job site during such periods of inactivity." Moon, 248 F. Supp. 2d at 229 (quoting 29 C.F.R. § 785.15).

Conversely, "[p]eriods during which an employee is completely relieved from duty and which are long enough to enable him to use the time effectively for his own purposes are not hours worked." Kuebel v. Black & Decker Inc., 643 F.3d 352, 360 (2d Cir. 2011) (citing 29 C.F.R. § 785.16(a)); see also Jiao v. Shi Ya Chen, No. 03 Civ. 165, 2007 WL 4944767, at

*12 (S.D.N.Y.  Mar. 30, 2007) (noting that the analysis of the plaintiff's compensable hours at night is different because "he presumably had longer periods of time between tasks than he did during the day, and he could use that time for pursuing private interests or for sleeping"). When an employee "is not required to remain on the employer's premises but is merely required to leave word at his home or with company officials where he may be reached," the employee is merely "waiting to be engaged" and is not working under the FLSA.  29 C.F.R. § 785.17.  Ultimately, whether waiting time is time worked under the FLSA is dependent on whether the "employee was engaged to wait or . . . [the employee] waited to be engaged." 29 C.F.R. § 785.14 (citing Skidmore v. Swift & Co., 323 U.S. 134, 137 (1944)).

Donato claims that he was required to report to work and/or be available to work by 7:00 a.m. during his regular workweek, but his shift would not end until his last service call was completed or after his employer advised him that his work day was over.  During a regular work day, he was to be available to work a minimum of eight hours daily.  As to his "on call" periods, he alleges he was required to be "on call" for 24 hours of each of the seven days and contends he was required to remain "on call" and available for immediate dispatch should one of defendants' customers call and need immediate service.

Even taking plaintiff's allegations as true which must be done on a motion to dismiss, he was "waiting to be engaged" rather than "engaged to wait" during the time periods in question.  Accordingly, he was not working under the FLSA during that inactive time and hours not actually worked are not required to be compensated under the FLSA nor counted toward overtime calculations for hours worked over 40 in a week.  As Donato's own time records and pay stubs demonstrate he was compensated for all hours worked and

compensated a premium overtime rate for all hours worked over 40 in a given week, he has not provided sufficient support to allow the court to infer his entitlement to overtime.

For these reasons, defendants' motion to dismiss plaintiff's FLSA claim will be granted and the First cause of action will be dismissed.

### B. NYLL Claims

"Where, as here, a plaintiff's federal claims will be dismissed before trial, a district court should generally decline to exercise supplemental jurisdiction over any state law claims absent exceptional circumstances." B.A. v. City of Schenectady Sch. Dist., 209 F. Supp. 3d 515, 528 (N.D.N.Y. 2016). There are no exceptional circumstances present in this case that might warrant a different conclusion. Because defendants' motion to dismiss will be granted as to the federal FLSA claim, the continued exercise of supplemental jurisdiction over Donato's state law claims will be declined. See 28 U.S.C. § 1367(c)(3).

Accordingly, plaintiff's NYLL claims will be dismissed without prejudice.

## V. CONCLUSION

As plaintiff's FLSA claim will be dismissed and supplemental jurisdiction declined over the NYLL claims, there is no need to consider any remaining arguments.

Therefore, it is

ORDERED that

1. Plaintiff's motion to amend, ECF No. 27, is GRANTED and the amended complaint is accepted;

2. Defendants' motion to dismiss, ECF No. 20, is GRANTED;

3. Plaintiff's First cause of action under the Fair Labor Standards Act is DISMISSED; and

4.  Supplemental jurisdiction is DECLINED over the Second, Third, and Fourth causes of action and those claims are DISMISSED without prejudice.

The Clerk is directed to enter judgment accordingly and close the file.

IT IS SO ORDERED.

_____
United States District Judge

Dated: September 28, 2018
       Utica, New York.